Isadore Bookstein, J.
Petitioners, employees of the Office of Civil Defense of the City of New York, seek to have declared null and void a qualifying examination given by respondents, constituting the New York State Department of Civil Service.
Petitioners have been employed in the Office of Civil Defense of the City of New York for periods in excess of one year, prior to 1961. In that year, the Legislature, recognizing the necessity of continuing vital services to avoid irreparable disruption of the civil defense program in the State, determined to make permanent certain civil defense positions, which were then temporary. That determination was accomplished by the enactment of chapter 299 of the Laws of 1961, effective April 3,1961.
Pursuant to such enactment, the New York City Civil Service Commission, by resolution adopted on June 27, 1961, elected to incorporate petitioners into the merit system of New York City.
Within one year after such election, on April 28, 1962, petitioners were advised by respondents, that they were required to take a qualifying examination. Petitioners took such *785 examination under protest and failed same. They now seek, in this proceeding, a declaration that the action of respondents in requiring and conducting such examination to be null and void and that the requirement for such examination as required by the aforesaid chapter 299 of the Laws of 1961, was and is not applicable to petitioners.
Chapter 299 of the Laws of 1961 is quite clear and explicit. Section 2 thereof provides, in part, as follows: “ The incumbents of such positions allocated to the competitive or noncompetitive class who have served satisfactorily therein for at least one year prior to the date of election to make their positions subject to requirements of the civil service law in the same manner as regular positions shall be given an appropriate qualifying examination by the state civil service department to determine their capacity and competence for continued performance of the duties of their respective positions. Such examinations for incumbents of positions in the state service shall be held within six months after the date of the election affecting them, and for incumbents of positions in civil divisions within one year after the date of the election affecting them.” (Emphasis supplied.)
The Legislature recognized different jurisdictions for varying purposes, thus empowering the “ state civil service commission or municipal civil service commission having jurisdiction ” to elect that temporary emergency defense positions be made permanent, subject to procedures and requirements of the Civil Service Law in the same manner as permanent positions generally thereunder. But the Legislature was unequivocally clear in requiring that the State Civil Service Department should give the appropriate qualifying examination whether for State employees or for employees of a civil division of the State. The State Civil Service Commission, in compliance with the clear command of the statute, conducted the examination within the time fixed by the statute.
Petitioners failed to qualify; and their subsequent dismissal was proper. (Matter of Steger v. Farrell, 22 A D 2d 729, affd. 15 N Y 2d 994.)
While this case dealt with a State employee, the determination is equally applicable to an employee of a civil division of the State, similarly situated.
The motion of respondents to dismiss the petition must be granted.